# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO. 5:05CR258-2-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT JAMES CRISP, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for a New Trial and Memorandum in Support (Documents ##210, 211) and the Government's Reply (Document #224).

The Defendant moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Def. Mt. 1. As a basis for his motion, the Defendant relies upon newly discovered evidence that an investigating detective for this matter engaged in certain improprieties.[1] Def. Mem. 1-2. The Defendant argues that the detective intimidated witnesses either to testify falsely or not at all. Id. at 2. The Defendant alleges that the investigating officer intimidated "the Government's main witnesses, Johnny Watson and Amy Watson [the "centerpiece" of the Government's case against the Defendant] ... into testifying against [the Defendant], and [they] will now recant that testimony." Id. at 5.[2] The Defendant stated that his counsel was in the

---

[1]The Caldwell County Sheriff's Department terminated Detective Eric A. Smith several months after the conclusion of the Defendant's trial. Def. Mem. 2. Although the Defendant advances several allegations against Smith, such as which agencies investigated Smith and what charges have been brought against Smith, the Court does not find it necessary at this time to detail those facts.

[2]The Defendant also argues that this evidence tends to impeach many of the witnesses at the Defendant's trial, and that there is "strong evidence that ... other stories may have been

process of obtaining affidavits from the Watsons.  See Def. Mem. 3.  However, as of the time of this Order no such affidavits have been filed with the Court.

In its response, the Government states that Johnny Watson never testified at the trial of the Defendant.  Govt. Resp. 2.  Furthermore, the Government notes that the Defendant did not identify any other (potential) witnesses or specific evidence affected, nor did he provide affidavits of the witnesses willing to recant their testimony.  Id.

The Court finds that the record before it is incomplete or insufficient to order a hearing or otherwise rule on this matter.  The investigation of the Caldwell County detective was well publicized.  However, the Court cannot rule upon vague accusations.  The Defendant has not yet delivered on a promise to provide this Court with affidavits regarding witness recantations.  Furthermore, the Government denies that half of the "centerpiece" of its case was affected by this new evidence.  The Defendant must clarify these matters before the Court can take any further action.

**IT IS, THEREFORE, ORDERED** that, within sixty (60) days of this Order, the Defendant will:

> 1) provide the Court with affidavits from Johnny Watson, Amy Watson, and any other person who will recant their trial testimony, or otherwise support the allegations raised by the Defendant; and

---

fabricated." Def. Mem. 4-5.  However, the Defendant does not identify which (potential) witnesses, aside from the Watsons, may have been affected.

2) file a Reply brief in response to the Government, and to the extent possible, cite to specific witnesses and evidence that may have been affected by this newly discovered evidence.

**IT IS SO ORDERED.**

Signed: May 5, 2008

Richard L. Voorhees
United States District Judge