# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO. 5:05CR258-2-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT JAMES CRISP, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for a New Trial and Memorandum in Support filed on September 7, 2007 (Documents ##210, 211), the Government's Response filed on December 17, 2007 (Document #224), and Defendant's Reply to Response filed on July 17, 2008 (Document #232). The latter document came in response also to this Court's order filed May 5, 2008. The motion is now ripe for disposition.

## PROCEDURAL HISTORY

Defendant was convicted of the offense of conspiracy to manufacture or possess with intent to distribute between 50 and 500 grams of methamphetamine, as described in count one of his indictment, by jury verdict returned on September 27, 2006. He was sentenced on August 6, 2007, and judgment was entered on August 24, 2007. In light of claimed new evidence, Crisp now moves for a new trial pursuant to Fed. R. Crim. P. 33. Crisp also asks that this Court hold an evidentiary hearing on this matter.

Rule 33 of the Federal Rules of Criminal Procedure requires that a motion for new trial based on newly discovered evidence, as with the instant motion, be filed within three years after the verdict. The instant motion is therefore timely. No appeal is currently pending to the Fourth Circuit Court

of Appeals, and this Court therefore has jurisdiction over the pending motion. As to the standard governing the Court's consideration of the instant motion under the Rule, the Court may vacate any judgment and grant a new trial if justice so requires.

## FACTUAL BACKGROUND

Since the time of Robert Crisp's conviction, the arresting officer in his case, narcotics agent Eric Smith, has been terminated from the Caldwell County Sheriff's Office for alleged improprieties committed during the course of his employment. Although Agent Smith did not testify at Crisp's trial, Crisp contends that Agent Smith abused his office in a number of ways while investigating Defendant's case, including soliciting sexual favors from co-defendants in exchange for leniency toward them, intimidating witnesses into giving false testimony, and intimidating witnesses who otherwise would have testified in Crisp's favor. In his motion, Crisp claims that several key witnesses are now willing to recant their prior testimony.[1]

To support his allegations, Crisp submitted four affidavits to this Court. In the first affidavit, Amy Watson, a witness against Crisp at trial, testified that Agent Smith "propositioned me for sexual favors, which I refused. Subsequent to refusing [Agent] Smith's proposition, I was indicted for conspiracy to manufacture methamphetamine." However, Amy Watson does not contend that her eventual guilty plea on this charge was unsupported by the facts or was the result of coercion. She does not state in her affidavit that her testimony against Crisp was false or that it was the result of Agent Smith's bullying. In fact, Watson alleges no harassment of any kind that directly relates to her testimony against Crisp.

---

[1]The affidavits Defendant has brought forth to buttress his contentions provide scant support in aid of the relief he seeks.

The second affidavit is from Roger L. Hutchings. At the time of the incident described in the affidavit, Hutchings was Assistant Director of Alcohol Law Enforcement with the North Carolina Department of Crime Control and Public Safety and a deputy sheriff retired from the Caldwell County Sheriff's Office. According to his affidavit, Hutchings received information in the spring of 2007 that Agent Smith "had intervened in a criminal investigation of a methamphetamine conspiracy to prevent the service of a federal subpoena" issued to a witness with whom Agent Smith "allegedly maintained a personal relationship." This investigation involved many defendants and was the same investigation that ultimately led to Crisp's arrest. Believing Agent Smith's conduct to be improper, Hutchings referred the matter to the North Carolina State Bureau of Investigations and to the Federal Bureau of Investigations.

The third and fourth affidavits are from Crisp's long-term girlfriend Penny Carpenter and his friend Jimmy Shook, respectively. Carpenter's affidavit provides nothing more than testimony concerning Crisp's good character and his aversion to controlled substances. Shook's affidavit is similar in character, but it also recounts his "shock" at not being called as a witness since Shook "had personal knowledge of [Crisp's] whereabouts during the time in question and actual information concerning how he came to meet [Josh Good]," another defendant in the case.

## **ANALYSIS**

The standard for granting a new trial requires a showing that: (1) the new evidence has in fact been discovered since trial, (2) the facts alleged allow the court to infer diligence on the part of the movant, (3) the new evidence is not merely cumulative or impeaching, (4) the new evidence is material to the issues involved, and (5) the newly discovered evidence is of such a nature that it is likely to produce an acquittal at a new trial. *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir.

1993) (citations omitted). Usually, all five elements must be established before a motion for a new trial will be granted. *Id.* The Fourth Circuit "has emphasized that new evidence going only to the credibility of a witness does not generally warrant the granting of a new trial." *Id.* However, "[t]here may be an exceptional 'rare case' that would justify granting a new trial solely on the basis of impeachment evidence." *Id.*

Although Crisp's new evidence regarding Agent Smith's misbehavior satisfies the first two elements for granting a new trial, this evidence is merely impeaching. None of the new information contained in the affidavits provides direct evidence of Crisp's innocence. Instead, the new evidence principally serves to cast doubt on the veracity of Amy Watson's testimony by suggesting that it may have been influenced by the improper behavior of Agent Smith. However, this doubt does not rise to the level of "an exceptional rare case" that would justify granting a new trial. *Id.* The impeaching evidence offered in the affidavits does not create "a real concern that an innocent person may have been convicted." *Id.* at 1360 (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). Although Agent Smith's behavior towards Watson as recounted in her affidavit, if true, was certainly improper, there is no evidence that this had any impact on the testimony given by Watson at Crisp's trial. Watson does not deny that she was guilty of the crimes that she admitted in court. More importantly, Watson's affidavit does not recant any of her testimony against Crisp.

The other affidavits similarly fail to provide substantive evidence of Crisp's innocence or to raise serious doubts about the integrity of the verdict in Crisp's trial. Hutchings' affidavit reveals that Agent Smith may have improperly intervened to prevent the service of a subpoena on a federal witness, but Crisp is again unable to show how this impropriety affected his trial. The witness to be served was not a witness in Crisp's case, and neither was Agent Smith. Although this incident might

4

have a slight tendency to impeach the trial testimony describing the police investigation leading to Crisp's arrest and conviction, it does not provide direct evidence of Crisp's innocence. Given the fact that multiple, non-police witnesses linked Crisp to the drug conspiracy, this Court cannot say that any doubts created by this new evidence "would probably produce an acquittal" at a new trial. *Custis*, 988 F.2d at 1360 (citations omitted).

The affidavits of Carpenter and Shook are even less persuasive because they provide no new evidence for this Court's consideration. Carpenter's affidavit attests to Crisp's good character, but Carpenter does not provide any new facts that cast doubt on the police investigation or the trial. Shook's affidavit is similar in content. However, in addition to providing character evidence, Shook also expresses his "shock" at not being called as a witness in the case due to his "personal knowledge of [Crisp's] whereabouts at the time in question" and his knowledge of other information concerning Crisp's relationship with a co-defendant. Like the character evidence provided in these affidavits, this information cannot be considered new. Crisp fails to explain why the character evidence and any exonerating facts known to Shook were not discoverable before trial by Crisp and his counsel in the exercise of due diligence. Thus, this evidence cannot be considered for the purposes of granting a new trial. Regardless, this evidence is not of such a character that it is likely to produce an acquittal at a new trial.

For all of these reasons, Crisp's new evidence is insufficient to merit an award of a new trial. The proffered new evidence is merely impeaching, and Crisp has failed to show that Agent Smith's alleged bad acts sufficiently impacted Defendant's trial to create a real concern about the integrity of the verdict in his case. Although Agent Smith's actions may cast some doubt on the testimony of Watson and the integrity of the police investigation, these doubts are insubstantial when viewed

against the other evidence in the case. Of equal importance, none of the evidence in any of the affidavits is of such a nature that it is likely to produce an acquittal at a new trial.

For these reasons, and for all the reasons stated herein, Defendant Crisp's Motion for a New Trial is **DENIED**. Due to the paucity of evidence offered by the Defendant to support his contentions, an evidentiary hearing would not be helpful in resolving this matter. Therefore, Defendant's request for an evidentiary hearing is also **DENIED**.

Signed: January 20, 2009

Richard L. Voorhees
United States District Judge