# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05CR258-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT JAMES CRISP, | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the court on Defendant's Motion to Partially Lift Seal (Document #264), filed January 25, 2010; Defendant's Second Motion for Disclosure of Grand Jury Materials (Document #265), filed February 18, 2010; the Government's Response in Opposition (Document #267), filed March 25, 2010; and Defendant's Reply (Document #268), filed April 5, 2010.

In these motions, Defendant's counsel asks this Court to unseal the grand jury transcripts so that defense counsel may disclose them to Defendant when they meet to discuss Defendant's pending appeal. Although Defense counsel argues that disclosure will aid in the preparation of Defendant's appeal, he does not provide any particulars to support this assertion.

Fed. R. Crim. P. 6(e)(1)(E)(i) allows disclosure of grand jury matters "in connection with a judicial proceeding." However, such disclosure is only permissible when the requesting party can show:

> that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations . . . . For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the

1

> grand jury in the performance of its duties . . . . Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). Furthermore, the party seeking disclosure is required to make "a strong showing of particularized need" as to the specific grand jury material requested. In re Grand Jury Proceedings, 800 F.2d 1293, 1298 (4th Cir. 1986).

In the present case, Defendant has made no showing of particularized need regarding the grand jury materials as they relate to his appeal. Without this particularized showing, Defendant's motions must fail. Although the Court has already disclosed the Grand Jury transcripts to Defendant's counsel, further disclosure will not be permitted.

**WHEREFORE**, for the foregoing reasons, Defendant's Motion to Partially Lift Seal (Document #264) and Second Motion for Disclosure of Grand Jury Materials (Document #265) are **DENIED**. Defense counsel shall not show the grand jury transcripts to Defendant, shall not in any other way disclose the contents of the grand jury transcripts to Defendant, and shall not cite to the grand jury transcripts in his appellate briefs or include them in the joint appendix without a particularized showing of need and prior leave of this court. However, this blanket exclusion shall not apply to any grand jury testimony disclosed to Defendant by the Government before or during his trial pursuant to Brady v. Maryland, 373 U.S. 83 (1963) or Jencks v. United States, 353 U.S. 657 (1957).

Signed: April 16, 2010

Richard L. Voorhees
United States District Judge