# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL NO.: 5:05-CR-258

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|     Plaintiff/Appellee | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT JAMES CRISP, | ) |
| | ) |
|     Defendant/Appellant. | ) |
| _____) | |

## O R D E R

**THIS MATTER** is before the Court on Defendant's Motion to Allow Use of Grand Jury Transcript in Appeal (Doc. 295) filed May 10, 2011; and Defendant's Motion for Provision of Statement of Reasons (Doc. 297) filed May 10, 2011.

In an Order dated January 5, 2010, this Court granted Defendant's motion for grand jury transcripts (Doc. 261.) The transcripts were subsequently delivered to counsel for Defendant. On April 16, 2010, this Court issued an Order that defense counsel "shall not cite the grand jury transcripts in his appellate briefs or include them in the joint appendix without a particularized showing of need." (Doc. 270.)

Defendant's current motion asks this Court for permission to include portions of the grand jury proceeding in the joint appendix so that Defendant may cite to it in his appellate brief. Defendant argues that a significant basis for his appeal concerns the testimony of the case agent during the grand jury proceeding. As such, Defendant argues that "it is altogether proper and necessary" for certain portions of the grand jury proceeding to be included as part of the joint appendix.

Under Federal Rule of Criminal Procedure 6(e)(1)(E)(I), a court may authorize disclosure "preliminary to or in connection with a judicial proceeding," Fed. R. Crim. P. 6(e)(1)(E)(I). A court may authorize such disclosure once the movant shows a "particularized need" for this material and that "the need for disclosure is greater than the need for continued secrecy." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Moreover, the movant's request must be "structured to cover only material so needed," and the court considering the request "must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon future grand juries." *Id.; see also United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958).

After carefully considering the facts of this case, the motions before the court, and the applicable law, this Court finds that defendant has articulated "a particularized showing of need" to cite to the grand jury transcripts in his appellate briefs and include portions of the grand jury proceeding as part of the joint appendix. The case agent's role in securing the indictment during the grand jury proceeding is important under Defendant's theory of appeal. This is so even though the case agent did not testify at trial. Moreover, at this stage of the case, the need for disclosure outweighs the need for continued secrecy. Therefore, Defendant has met his burden of showing "a particularized showing of need" to include portions of the grand jury proceeding in the joint appendix. Further, the Clerk is Ordered to provide counsel for Defendant with a copy of the Statement of Reasons (Doc. 29).[1]

---

[1] Counsel for Defendant stated that he is unable to secure the Statement of Reasons, Doc. 209, through PACER. As such, the clerk is directed to mail Counsel for Defendant a copy of the Statement of Reasons (Doc. 209).

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Defendant's Motion to Allow Use of Grand Jury Transcript in Appeal is **GRANTED.**

(2) Defendant's Motion for Provision of Statement of Reasons is **GRANTED.**

Signed: May 24, 2011

Richard L. Voorhees
United States District Judge